

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Eric A. Boden/ Pl. Agr.
Assistant United States Attorney

2021R01141/EAB

402 East State Street, Room 403
Trenton, New Jersey 08608

609-989-2190
Direct: 609-989-0564

December 4, 2023

**VIA ELECTRONIC MAIL**

Terrell A. Ratliff, Esq.
811 Church Road, Suite 105
Cherry Hill, NJ 08002

RECEIVED

FEB 2 6 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Re:   **Plea Agreement with Meraj Fatima**
      Criminal Action No. 24-115-01 (MAS)

Dear Mr. Ratliff:

This letter sets forth the plea agreement between your client, MERAJ FATIMA, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 19, 2023, if it is not accepted in writing by that date. If MERAJ FATIMA does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from MERAJ FATIMA to an Information, which charges her with, while serving as a Registered Environmental Health Specialist for the City of Trenton, Division of Health, Bureau of Environmental Health ("BEH"), knowingly and intentionally conspiring and agreeing with others, to embezzle, steal, obtain by fraud, misapply, and otherwise without lawful authority knowingly convert to the use of any person other than the rightful owner $5,000 or more in overtime wages, which constituted money owned by, and under the care, custody, and control of the City of Trenton and BEH, between in or around February 2018 through in or around May 2022, contrary to 18 U.S.C. § 666(a)(1)(A), in violation of 18 U.S.C. § 371. If MERAJ FATIMA enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against MERAJ FATIMA for embezzling and conspiring and agreeing with others to embezzle and steal funds paid by the City of Trenton and BEH for overtime hours in connection with lead remediation work between in or around February 2018 through in or around May 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MERAJ FATIMA even if the applicable statute of limitations period for those charges expires after MERAJ FATIMA signs this agreement, and MERAJ FATIMA agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which MERAJ FATIMA agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the offense may run consecutively to any prison sentence MERAJ FATIMA is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MERAJ FATIMA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MERAJ FATIMA ultimately will receive.

Further, in addition to imposing any other penalty on MERAJ FATIMA, the sentencing judge as part of the sentence:

(1) will order MERAJ FATIMA to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order MERAJ FATIMA to pay restitution pursuant to 18 U.S.C. §§ 3663A;

(3) may order MERAJ FATIMA, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4) must order criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

(5) pursuant to 18 U.S.C. § 3583, may require MERAJ FATIMA to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should MERAJ FATIMA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MERAJ FATIMA may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, MERAJ FATIMA agrees to pay full restitution in the amount of at least $32,524.12 for all losses resulting from the offense of conviction or the scheme, conspiracy, or pattern of criminal activity underlying the offense. The calculation of the losses resulting from the offense of conviction and the scheme, conspiracy, or pattern of criminal activity underlying the offense of conviction is ongoing and subject to change at sentencing; however, the parties agree that the loss amount is at least $32,524.12. This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. MERAJ FATIMA fully understands that if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with the stipulations in this paragraph, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MERAJ FATIMA from any portion of this agreement, including any other stipulation.

MERAJ FATIMA fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately upon judgment.

Forfeiture

As part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), MERAJ FATIMA agrees to forfeit to the United States all property, real or personal, constituting, or derived from, proceeds MERAJ FATIMA obtained directly or indirectly as a result of the offense charged in the Information. MERAJ FATIMA further agrees that the aggregate value of such property was at least $32,524.12; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of

the forfeitable property discussed above, in an amount not to exceed $32,524.12 (the "Money Judgment"). MERAJ FATIMA consents to the entry of an order requiring MERAJ FATIMA to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to MERAJ FATIMA prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating MERAJ FATIMA's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

MERAJ FATIMA further agrees that upon entry of the Order, this Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

MERAJ FATIMA waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MERAJ FATIMA understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. MERAJ FATIMA waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. MERAJ FATIMA further understands that MERAJ FATIMA has no right to demand that any forfeiture of MERAJ FATIMA's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon MERAJ FATIMA in addition to forfeiture.

MERAJ FATIMA further agrees that no later than the date she enters her plea of guilty, MERAJ FATIMA will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If MERAJ FATIMA fails to do so, or if this Office determines that MERAJ FATIMA has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to

4

oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MERAJ FATIMA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MERAJ FATIMA's activities and relevant conduct with respect to this case.

Stipulations

This Office and MERAJ FATIMA will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and MERAJ FATIMA waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

MERAJ FATIMA understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. MERAJ FATIMA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MERAJ FATIMA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. MERAJ FATIMA understands that she is bound by this guilty plea regardless of any immigration consequences. Accordingly, MERAJ FATIMA waives any right to challenge the guilty plea, sentence, or both based on any immigration consequence. MERAJ FATIMA also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MERAJ FATIMA. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude MERAJ FATIMA from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between MERAJ FATIMA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Eric A. Boden*

By: ERIC A. BODEN
Assistant U.S. Attorney
Attorney-in-Charge, Trenton

APPROVED:

*Ronnell L. Wilson*

RONNELL L. WILSON
Chief, Special Prosecutions Division

I have received this letter from my attorney, Terrell A. Ratliff, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 12-28-23
MERAJ FATIMA


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 12/28/2023
TERRELL A. RATLIFF, ESQ.
Attorney for MERAJ FATIMA

8

## Plea Agreement with MERAJ FATIMA

### Schedule A

1. This Office and MERAJ FATIMA recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. Pursuant to U.S.S.G. § 2X1.1(a), the applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a base offense level of 6, because the statutory maximum term of imprisonment for a violation of 18 U.S.C. § 666(a)(1)(A) is less than 20 years. U.S.S.G. § 2B1.1(a)(2).

4. MERAJ FATIMA agrees that the offense of conviction involved a loss amount of more than $15,000 but less than $40,000, resulting in an increase to the offense level of 4 levels. U.S.S.G. § 2B1.1(b)(1)(C).

5. As of the date of this letter, MERAJ FATIMA has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MERAJ FATIMA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. If MERAJ FATIMA establishes at sentencing that she both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, she will be entitled to a further two-level reduction in her offense level, resulting in a total Guidelines offense level of 6; otherwise MERAJ FATIMA's total Guidelines offense level will be 8 (the "Total Offense Level").

7. This Office and MERAJ FATIMA agree to stipulate that the victims, specifically, the City of Trenton and the City of Trenton, Division of Health, Bureau of Environmental Health, collectively sustained a loss in the amount of $32,524.12 as a result of the offense of conviction or the scheme, conspiracy, or pattern of criminal activity underlying the offense.

8. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

9. If the term of imprisonment does not exceed 6 months, and except as specified in the next paragraph below, MERAJ FATIMA will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.

The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If no term of imprisonment is imposed, i.e., a non-custodial sentence, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).